**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW ZUPKO, | ) | Case No. 1:25-cv-2789 |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| MATT GLYNN, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Andrew Zupko sued Matt Glynn, a police officer in Middleburg Heights, Ohio who gave him a speeding ticket, in his individual capacity under 42 U.S.C. § 1983. Defendant moves for judgment on the pleadings. For the reasons that follow, the Court **GRANTS** Defendant's motion.

**STATEMENT OF FACTS**

Taking the facts alleged as true and construing them in Plaintiff's favor, as the Court must in the present procedural posture, the first amended complaint alleges the following facts.

**A. The Traffic Stop**

On December 30, 2023, Middleburg Heights Police Officer Matt Glynn initiated a traffic stop of Mr. Zupko on Interstate 71 for speeding. (ECF No. 5, ¶ 8, PageID #31.) Officer Glynn issued a traffic citation and gave Mr. Zupko a copy of the citation. (*Id.*, ¶ 9, PageID #32.) In Mr. Zupko's copy of the traffic citation, the remarks section is blank. (*Id.*, ¶ 10, PageID #32.)

After the traffic stop concluded, Officer Glynn departed the scene first. (*Id.*, ¶¶ 12–13, PageID #32.) Officer Glynn repositioned his patrol vehicle in the highway median one mile from the traffic stop. (*Id.*, ¶ 13, PageID #32.) After Mr. Zupko merged back onto Interstate 71, he passed Officer Glynn in his patrol vehicle. (*Id.*, ¶ 14, PageID #32.) Plaintiff alleges that, as he drove by Officer Glynn, "he exercised his constitutionally protected right to expressive conduct by displaying his raised middle finger toward Officer Glynn." (*Id.*, ¶ 15, PageID #32.) After seeing Mr. Zupko flip him off, Officer Glynn "did not initiate a second traffic stop." (*Id.*, ¶ 17, PageID #32.)

Plaintiff alleges that Officer Glynn retaliated against him by "altering the [c]ourt [r]ecord copy of the citation." (*Id.*, ¶ 18, PageID #32.) Officer Glynn added a note in the remarks section of his copy of the citation that read: "driver then passed after stop, and (flipped) officer off, sped off after." (*Id.*) This note does not appear on Mr. Zupko's copy of the citation. (*Id.*, ¶ 19, PageID #32.) Plaintiff alleges that, under Ohio traffic law, "the Ohio [u]niform [t]raffic [t]icket consists of four carbonless copy sheets that receive identical information when written at the scene." (*Id.*, ¶ 20, PageID #33.) Accordingly, Plaintiff alleges that "[t]he physical discrepancy between Plaintiff's copy (blank [r]emarks) and the [c]ourt [r]ecord (containing inflammatory notations) proves Officer Glynn added these notes after issuing the citation." (*Id.*, ¶ 21, PageID #33.) Also, Plaintiff avers that he "did not engage in reckless acceleration or flight" (*id.*, ¶ 24, PageID #33) and that Officer Glynn's note that he

"'sped off' was false" (*id.*, ¶ 22, PageID #33) and "falsely portrayed [him] as aggressive and dangerous" (*id.*, ¶ 25, PageID #33).

**B. Traffic Case**

On April 23, 2024, the Middleburg Heights Mayor's Court held a hearing on Mr. Zupko's traffic citation. (*Id.*, ¶ 26, PageID #33.) Officer Glynn testified. (*Id.*, ¶ 27, PageID #33.) At the time of the proceeding, Mr. Zupko "possessed a clean driving record with zero points, zero prior suspensions, and zero OVI/DUI history." (*Id.*, ¶ 28, PageID #33.) In determining his penalty, Plaintiff alleges that the court "explicitly relied on [his] constitutionally protected gesture" of flipping off Officer Glynn. (*Id.*, ¶ 26, PageID #33.) Further, Plaintiff claims that the court "deviated from [its] standard sentencing formula." (*Id.*, ¶ 29, PageID #33.) Plaintiff alleges that "[t]he maximum fine was imposed because of [his] constitutionally protected gesture." (*Id.*, ¶ 30, PageID #33.)

**STATEMENT OF THE CASE**

Plaintiff Andrew Zupko sued Defendant Matt Glynn for First Amendment retaliation under Section 1983. (ECF No. 1.) Then, Plaintiff filed a first amended complaint, which added a claim under Section 1983 for violation of the Fourteenth Amendment's guarantee of due process for fabrication of evidence. (ECF No. 5.) Defendant moves for judgment on the pleadings. (ECF No. 17.)

Later, Defendant moved to stay discovery pending the Court's ruling on Defendant's motion for judgment on the pleadings. (ECF No. 20.) Then, Plaintiff moved to modify the case management plan and extend the discovery deadlines. (ECF No. 23.)

## ANALYSIS

"The only difference between Rule 12(c) and Rule 12(b)(6)" is timing. *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003). Rule 12(c) provides that, once "the pleadings are closed" a party may "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings . . . generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)); *see also Holland v. FCA US LLC*, 656 F. App'x 232, 236 (6th Cir. 2016). On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)." *Bates*, 958 F.3d at 480 (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law." *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland*, 656 F. App'x at 236–37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged" will survive. *Bates*, 958 F.3d at 480 (quotation and citation omitted). Conversely, "[m]ere labels and conclusions are not enough[.]" *Engler*, 862 F.3d at 575. Nor are facts that are "merely consistent with" liability. *Bates*, 958 F.3d at 480 (quotation omitted).

* * *

While "the court's decision rests primarily upon the allegations of the complaint[,]" "exhibits attached to the complaint may also be taken into account." *JTO, Inc. v. Travelers Indem. Co. of Am.*, 242 F. Supp. 3d 599, 602 (N.D. Ohio 2017) (cleaned up) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)). As exhibits to the initial complaint, Plaintiff manually filed a video from his sentencing for the traffic violation at the Middleburg Heights Mayor's Court and a video from Officer Glynn's dashcam after the traffic stop. (ECF No. 1-5.) In the sentencing video, the magistrate explains his sentencing considerations and imposed a fine:

> I, I have, well, the maximum fine in this case is $150. Typically, I have a formulation as to what I fine someone on a speeding violation. I don't, I don't punish anyone for going to trial. That's certainly your right to go to trial. The only issue of going to trial is that I learn a little bit more about the case that I wouldn't have in a plea. I indicated that I found the officer's testimony credible, and part of the testimony that came out is that, after the traffic citation, you decided to flip off the officer in Strongsville, which I'm going to take into consideration when I sentence you. So, I'm going to give you the maximum fine in this case, which is $150 plus court costs.

(*Id.*) In the dashcam video, Officer Glynn pulls away from the traffic stop in his patrol vehicle, merging back onto Interstate 71 and passing Mr. Zupko in his idle car. (*Id.*) Mr. Zupko is not visible, and no words are spoken.

When Plaintiff filed his first amended complaint, he did not re-file the two videos as exhibits. However, he did file three versions of the traffic citation as exhibits. (ECF No. 5-1; ECF No. 5-2; ECF No. 5-3.) First, a photocopy of Officer Glynn's copy of the traffic citation includes his post-stop note. (ECF No. 5-1, PageID #38.) Second, Mr. Zupko's copy of the traffic citation does not contain Officer Glynn's note. (ECF No. 5-2, PageID #39.) Third, a certified copy of Officer Glynn's copy of the traffic citation is attached. (ECF No. 5-3, PageID #40.)

Because these videos and documents are integral to the allegations in the first amended complaint, and arguably matters of public record in any event, the Court considers them without converting the motion for judgment on the pleadings into one for summary judgment.

## I. First Amendment Retaliation

Defendant argues that Plaintiff fails to plead an adverse action to support his claim for First Amendment retaliation. (ECF No. 17, PageID #102.) Defendant argues that Plaintiff "only alleges he **might* have received a better sentence" had Officer Glynn not written the post-traffic stop note. (*Id.*, PageID #103.) Also, Defendant argues that Plaintiff fails to address that "being prosecuted for speeding is unrelated to the Officer's note on being flipped off." (*Id.*) Plaintiff disagrees, arguing that the maximum penalty for speeding constitutes "an adverse action that would deter a person of ordinary firmness" from flipping off a police officer after a traffic stop. (ECF No. 18, PageID #110.)

To prevail on a First Amendment retaliation claim, the plaintiff must prove that (1) he engaged in protected conduct; (2) "an adverse action was taken against the

plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by the plaintiff's protected conduct." *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Here, construing the allegations in the complaint in his favor, Mr. Zupko did not suffer an adverse action as a matter of law. In *Cruise-Gulyas v. Minard*, 918 F.3d 494, 495–497 (6th Cir. 2019), the Sixth Circuit decided what constitutes adverse action on analogous facts. There, the court ruled that the plaintiff suffered an adverse action where, after concluding a traffic stop, the driver flipped off the police officer. Then, the police officer initiated a second traffic stop and elevated the initial citation to a moving citation. None of that occurred here. Flipping off Officer Glynn did not result in additional or revised charges. Nor did Mr. Zupko receive a citation where none was previously issued. All Officer Glynn did was to make a note of Mr. Zupko's action on the ticket.

Even assuming he did so for the avowed purpose of securing the maximum fine for speeding, Officer Glynn did not take that action against Mr. Zupko. The magistrate did. Even assuming the worst, recording the facts accurately does not, without more, subject Officer Glynn to liability for the decision of a magistrate to impose the maximum fine. Had Officer Glynn not made the notation on the ticket, Mr. Zupko was still subject to a fine up to the maximum ultimately imposed without consideration of his First Amendment rights. The magistrate was entitled to impose

the fine he did. Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for First Amendment retaliation.

## II. Fabrication of Evidence

Defendant argues that, because "the ticket itself is not evidence," no fabrication of evidence could have occurred. (ECF No. 17, PageID #103.) Alternatively, Defendant argues that this claim fails because Mr. Zupko admits the conduct at issue. (*Id.*) Also, Defendant argues that "there is no indication in these pleadings that the alleged 'middle finger' note on the ticket had any bearing" on the Mayor's Court Magistrate "finding Plaintiff guilty of speeding." (*Id.*) Plaintiff argues that Defendant mischaracterizes his "sentencing-stage due process violation" argument as a "formal fabrication of evidence claim." (ECF No. 18, PageID #111.) Because "[t]he Fourteenth Amendment guarantees a defendant a fair opportunity to perceive and challenge derogatory information when it is submitted as an input for sentencing discretion," Plaintiff argues that Defendant violated his due process rights by "unilaterally alter[ing] a charging document." (*Id.*, PageID #112.)

In the first amended complaint, Plaintiff pleads a Fourteenth Amendment violation for fabrication of evidence. (ECF No. 5, PageID #34.) Therefore, the Court analyzes this claim under that framework. To prevail on a claim for fabrication of evidence under the Fourteenth Amendment, a plaintiff must prove that "'evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 815-816 (6th Cir. 2019) (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 737 (6th Cir. 2006) (citing *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997))).

Plaintiff alleges that the note "contain[ed] false allegations [that] prejudiced the judicial proceeding against [him]." (ECF No. 5, ¶ 43, PageID #35.) However, Plaintiff admits that he flipped off Officer Glynn. (*Id.*, ¶ 15, PageID #32 (Plaintiff "exercised his constitutionally protected right to expressive conduct by displaying his raised middle finger toward Officer Glynn."); *id.*, ¶ 32, PageID #34 ("Plaintiff's display of his raised middle finger toward Officer Glynn. . .").) Also, he alleges that the magistrate considered Officer Glynn's testimony about being flipped off in sentencing him to the maximum fine (*id.*, ¶¶ 26–27, PageID #33), but he fails to allege that the magistrate considered Officer Glynn's note on the ticket. In the sentencing video, the magistrate did not reference Officer Glynn's post-stop note at all. (*See* ECF No. 1-5, 0:31–0:52 (". . . I indicated that I found the officer's testimony credible, and part of the testimony that came out is that, after the traffic citation, you decided to flip off the officer in Strongsville, which I'm going to take into consideration when I sentence you.").)

For these reasons, Plaintiff cannot show that the note added to the ticket about him flipping off the officer was false or that it had any effect on the magistrate's decision to give him the maximum fine. Put another way, Officer Glynn testified, his testimony would have been the same regardless of what he wrote on the ticket, and the magistrate made the decision to impose the fine based on that testimony. Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for fabrication of evidence.

* * *

One final note. The record shows that the magistrate considered Mr. Zupko's speech in sentencing him: "you decided to flip off the officer in Strongsville, which I'm going to take into consideration when I sentence you." (*Id.*) On its face, that statement punishes Mr. Zupko for exercising his First Amendment rights. However, the remedy for any complaint about the magistrate's action is an appeal, not a separate federal lawsuit.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings (ECF No. 17). Further, the Court **DENIES AS MOOT** Defendant's motion to stay discovery (ECF No. 20) and Plaintiff's motion to modify the case management plan and extend discovery deadlines (ECF No. 23).

**SO ORDERED.**

Dated: August 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio